CRAWLEY, Judge,
concurring in the result.
I concur in the reversal of the judgment in this case because the trial court abused its discretion by not granting the wife’s requested legal separation so that her military benefits would become vested. However, I do not agree that the trial court abused its discretion in denying the wife’s motion for a continuance. I note that the trial court is authorized to impose sanctions for the wife’s dilatory tactics.
In his motion to withdraw, filed on November 18, 1996, the wife’s sixth attorney stated that “the Defendant is aware of her necessity to obtain other counsel or be prepared to represent herself.” The certificate of service shows service on the wife. The order dated December 5, 1996, granting the motion to withdraw showed that a copy of that order was sent to the wife. By order dated January 9, 1997, the trial court set the trial for February 26. The wife’s pro se response to that order was filed February 10, 1997; it states:
“RESPONSE TO COURT ORDER DATED JANUARY 9, 1997
“COMES NOW defendant, Irmgard M. Lane and files this response to the Court’s Order dated January 9, 1997, and would show as follows:
“1. That I file this motion for postponement, due to lack of proper representation.
“2. Because of financial hardship, I am in the process of seeking more affordable counsel.
“3. I have just learned about the serious damage to my case.
“4. I pray this court will allow me time to make corrections.
“5. Due to serious damage to my case, I pray this court will put this case on hold, to prevent further damage to my case.
*1235 “6. I pray this court will allow me time to find an attorney, in whom I feel confident.
“Dated this 8th day of February 1997.”
This response shows that the wife received a copy of the order setting the date of trial and that she requested a continuance to employ another attorney. Three days after filing this response, she wrote a letter to the husband’s attorney, with a copy to the trial court, requesting a 60-day continuance in order to retain new counsel. Neither the response nor the letter mentioned her illness as a ground for continuance. The wife’s written motion for continuance, submitted on the date of trial, is based on her alleged need to complete an investigation, not on her illness. The wife’s past relationship with her chosen attorneys is a sufficient basis for the trial court to believe a continuance would be futile.
The doctor’s letter the wife submitted to the court states that she “is currently under an extreme amount of stress.” The trial court could reasonably conclude that this stress was self-inflicted and resulted from the wife’s not employing an attorney or not preparing to represent herself, and also that such stress was not unusual in a contested divorce. Her doctor did not state that she was then confined to a hospital, but only that she “is currently being treated” and that “any additional stress is unadvised.”